**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MALCOLM HORTON**                                                      **PETITIONER**

**V.**                                          **CIVIL ACTION NO. 3:21CV10 CWR-LGI**

**COMMISSIONER BURL CAIN**                                          **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Malcolm Horton seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.

Respondent asserts that the petition is time-barred pursuant to 28 U.S.C. § 2244(d) under

the Antiterrorism and Effective Death Penalty Act of 1996.  After a review of the record

and the applicable law, the undersigned recommends that the petition be dismissed with

prejudice.

In December 2015, Horton was convicted of armed robbery in the Circuit Court of

Hinds County, Mississippi.  He was sentenced on January 4, 2016, to serve a 30-year

term of imprisonment, with 10 years suspended, and 5 years of post-release supervision.

Horton was also sentenced to serve a consecutive sentence of 5 years for the use or

display of a firearm during the commission of a felony under Miss Code Ann. § 97-37-

37(1).  The Mississippi Court of Appeals affirmed the conviction and sentence on direct

appeal. *Horton v. State*, 253 So.33d (Miss. Ct. App. 2018) *reh'g denied*, May 22, 2018,

*cert. denied*. Sept. 13, 2018.  Horton's petitions for rehearing and writ of certiorari were

subsequently denied on May 22, 2018, and September 13, 2018, respectively.  Nothing of

record reflects that Horton petitioned the United States Supreme Court for writ of

certiorari, or filed a motion for post-conviction collateral relief in state court.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year

statute of limitations on state prisoners filing a federal habeas petition.  Under 28 U.S.C.

§ 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws
> of the United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-

(D) apply, a federal habeas petition must be filed within one year of the final judgment of

the defendant's conviction, subject to tolling for the period when a properly filed motion

for post-conviction relief is pending in state court.  *See Madden v. Thaler*, 521 F. App'x

316 (5th Cir. 2013).  AEDPA's statute of limitations period may also be equitably tolled

if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstances stood in his way and prevented timely filing." *Holland v.*

*Fla.*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotations

and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)

(equitable tolling may apply to extend the one-year statute of limitations period, but only

in rare and exceptional circumstances).

Horton's convictions became final on December 12, 2018, 90 days after the

Mississippi Supreme Court denied his petition for writ of certiorari on September 13,

2018. Because the time period during which he could have sought further review is

added to the date his direct appeal ended, he is credited with the 90-day time period

permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule

13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell*, 319 F.3d

690, 694 (5th Cir. 2003). To toll the statute of limitations, he was required to file a

motion for post-conviction collateral relief in state court on or before December 12, 2019.

Because Horton did not file a state post-conviction motion prior to that date, AEDPA's

statute of limitations period ran uninterrupted from December 12, 2018, through

December 12, 2019. Absent any equitable or statutory tolling, his federal habeas petition

filed on January 6, 2021, nearly two years after the AEDPA deadline expired, is

untimely.

Horton asserts that he was unable to file a timely petition because he was "not

competent enough" to proceed and did not have "knowledge of proper form of obtaining

correct motions of relief pertaining to case of judgment of conviction." However, it is

well-settled that claims of ignorance of the law, lack of knowledge of filing deadlines,

temporary denial of access to research materials or the law library, and inadequacies in

the prison law library are insufficient to warrant equitable tolling.  *Tate v. Parker*, 439 F.

App'x 375 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000);

*Scott*, 227 F.3d at 263 & n. 3 (5th Cir. 2000).  He has thus failed to show that he

exercised reasonable diligence in pursuit of his federal habeas claims, or that some

extraordinary circumstance prevented him from filing before the expiration of the statute

of limitations.

None of AEDPA's other statutory exceptions are applicable in this case, and none

of Petitioner's remaining arguments are relevant or warrant tolling of the statute of

limitations.  Because the instant petition was filed well after the federal statute of

limitations expired, the undersigned finds that Petitioner's habeas petition is time-barred

and recommends that it be dismissed with prejudice.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States*

*District Courts for the Southern District of Mississippi*, any party may serve and file

written objections within 14 days after being served with a copy of this Report and

Recommendation.  Within 7 days of the service of the objection, the opposing party must

either serve and file a response or notify the District Judge that he or she does not intend

to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the

proposed findings, conclusions, and recommendations contained within this report and

recommendation, shall bar that party from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court, except

upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended,

effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–

29 (5th Cir. 1996).

      Respectfully submitted on December 22, 2021.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
